UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EXCEPTIONAL INNOVATIONS, LLC,

                Plaintiff,

vs.                              Case No. 2:07CV-724
                                    District Judge Sargus
                                    Magistrate Judge Abel

KONTRON AMERICA, INC.,

                Defendant.

OPINION AND ORDER

    Plaintiff Exceptional Innovations, Inc. (Plaintiff or Exceptional) originally filed this action on July 7, 2007, in the Court of Common Pleas of Delaware County, Ohio, (Case No. 07-CVH-06-0765) against Defendant Kontron America, Inc. (Defendant or Kontron) seeking declaratory judgment that Kontron had "materially breached" a certain contract with Exceptional for the purchase of goods and that, consequently, Exceptional was "excused from any further performance or liability to Kontron" thereunder. Doc. 2-2, p. 7. The Complaint also sought attorney fees and costs. Ibid. Copies of Exceptional's two Purchase Requests dated May 12, 2005, allegedly accepted by Kontron to create the contracts in question, were attached to the Complaint. Id. at 4.

    On July 27, 2007, Defendant Kontron filed Notice of Removal of the case to this court pursuant to the provisions of 29 U.S.C. §§ 1441, 1446, and 1332(a)(1), asserting that Plaintiff is an "Ohio limited liability company with its principle place of business in Westerville, Ohio" while Defendant is a "Delaware corporation with its

principle place of business in Poway, California" and that the amount in controversy exceeds $75,000. Doc. 2, pp. 1-2. Within a week, "[p]ursuant to 28 U.S.C. § 1404(a) and Rule 12(b)(3) of the Federal Rules of Civil Procedure" Defendant then filed a Motion To Transfer Venue to the United States District Court for the Southern District of California, based primarily on an alleged "forum selection clause" in the contract in question. Doc. 6, p. 1.[1] The case is now before the Court for consideration of that motion to transfer together with the supporting and opposing memoranda and related materials filed by the parties. Docs. 11, 14.

The Court first notes that Rule 12(b)(3) authorizes raising the defense of "improper venue" by motion, but that Defendant nowhere suggests this Court lacks jurisdiction or that the case should be dismissed. Further, as the party who procured its removal, Defendant could scarcely argue that it should now be remanded. In any event, the alleged "forum selection clause" in this case does not approach the specificity required to waive either parties' otherwise-available right to remove the case here. See Regis Associates v. Rank Hotels (Management) Ltd., 894 F.2d 193, 195 (6th Cir. 1990) ("Although the right to remove can be waived, the case law makes it clear that such waiver must be clear and unequivocal.") Further, based on the allegations of the Complaint and clearly applicable Supreme Court and Sixth Circuit authority discussed below, it appears that only the Court's discretionary §1404(a) authority to transfer the case to another district where it might have been brought is involved here, and not Rule 12(b)(3).

---

1. On the same day, August 3rd, Defendant also filed its Answer and Counterclaim to Plaintiff's Complaint. Doc. 7.

2

The "forum selection clause" upon which Kontron relies in arguing for the transfer it seeks appears as paragraph 19 of its general Terms and Conditions of Sales, allegedly incorporated in its Sales Quotes to Exceptional that became the sales agreements in question in this case. Affidavit of Anthony T. Hallett, Doc. 6-2, p. 3. That paragraph provides as follows:

> 19. **Governing Law and Venue.** This agreement shall be construed and enforced according to the laws of the State of California regarding contracts made and wholly performed in California. Kontron and BUYER irrevocably submit to the jurisdiction of the state and/or federal courts in San Diego County, California for any action or proceeding regarding this Agreement.

Doc. 6-2, (attmt, p. 11). For purposes of deciding the present motion to transfer, Exceptional does not dispute the applicability of this provision to the sales agreements in question. Doc. 11, p. 1, n.1.

In support of its motion, Kontron relies primarily on law set out in, or following, two seminal opinions. In <u>Stewart Organization, Inc. v. Ricoh Corporation</u>, 487 U.S. 22 (1988), the Supreme Court states at 29-30:

> Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964). A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors. The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus. In its resolution of the § 1404(a) motion in this case, for example, the District Court will be called on to address such issues as the convenience of a Manhattan forum given the parties' expressed preference for that venue, and the fairness of transfer in light of the forum-selection clause and the parties' relative bargaining power. The flexible and individualized analysis Congress prescribed in § 1404(a) thus encompasses consideration of the parties' private expression of their venue preferences.

3

In Kerobo v. Southeastern Clean Fuels, Corp., 285 F.3d 531 (6th Cir. 2002), the case was much like this one in that it involved a very similar forum-selection clause[2] and a complaint for, among others, breach of contract, filed in a state court other than the one selected in that clause, which case had then been removed on diversity grounds to federal court, and a motion filed for dismissal under Rule 12(b)(3) or for transfer pursuant to §1404(a). Noting that the case was "in all material respects indistinguishable from *Ricoh*" (285 F.3d 533), the circuit court reversed the lower court's dismissal under Rule 12(b)(3) and remanded for a determination, consistent with Ricoh and its own opinion, of the "appropriate effect under federal law of the parties' forum-selection clause on the defendants' 28 U.S.C. §1404(a) motion." Id. at 539.

Plaintiff Exceptional's argument in opposition to the transfer is based primarily on its assertion that:

> The relevant clause [of the parties' agreement] is merely a permissive forum selection clause and is not a substantial factor in the analysis of whether to transfer the case. The fact that a California court might *also* be *an* appropriate venue is irrelevant because Kontron's sole objection to *this* venue fails.

Doc. 11, p. 1 (emphasis in the original). Plaintiff also argues that: "Kontron points to only one factor in support of its request for transfer, the permissive forum selection clause." Id. at 5. The Court finds neither argument is entirely accurate or

---

2. The licensing agreement in Kerobo provided: "This agreement shall be interpreted, construed, and governed by the laws of the State of California. Jurisdiction for any action for breach, damages or default shall be within the County of Orange, State of California." 285 F.3d 532-33.

4

sufficiently supported by the individualized, case-specific factors present to persuade the Court's exercise of discretion in this case.

Plaintiff's argument that the "relevant clause . . . is merely a permissive forum selection clause" is not fully supported by the facts. The meaning of what Plaintiff terms the "relevant clause" is necessarily affected by the context in which it appears, and that contract paragraph is entitled, in bold and underlined: "**Governing Law and Venue**," and the first of its two sentences is an unequivocal choice of the "laws of the State of California regarding contracts made and wholly performed in California" as the law to be applied in construing and enforcing the agreement.[3] Thus, the pertinent paragraph is, first and foremost, a choice-of-law provision, and as Defendant points out (Doc. 6, p. 11; Doc. 13, p. 2), the California Code of Civil Procedure (as might be expected) apparently makes provision for such proceedings as these only in the courts of California. See Cal. Code of Civ. Pro. §§ 395 and 395.5.[4] In this context, then, the irrevocable submission of the parties to "the jurisdiction of the state and/or federal courts in San Diego County, California" found in the second sentence's so-called "relevant clause" amounts to a choice of

---

3. In view of this provision, it appears that even if the proceeding were to remain in Ohio, this or any other court with jurisdiction would still be called upon to decide the case in accordance with the law of the State of California. See Jarvis v. Ashland Oil, Inc., 17 Ohio St.3d 189 (1985); Tele-Save Merchandising Co. v. Consumers Distributing Co., Ltd., 814 F.2d 1120 (6th Cir. 1987)

4. Section 395.5 provides: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

particular forums within the State of California, the law of which has already been chosen to resolve disputes arising out of the agreement in question.

It has not been suggested that this contractual provision constitutes a waiver of Plaintiff's right under Ohio's Long-Arm Statute (Ohio Revised Code §2307.382) to initiate this proceeding in the Delaware County, Ohio, Court of Common Pleas; and, as noted above, the provision is also not sufficient to waive Defendant's right under federal law to remove the proceeding to this Court. But, neither of those jurisdictional circumstances determines resolution of the different and more limited venue question now presented by Defendant's motion to transfer the proceeding to another district in which it might also have been brought. As the parties' arguments suggest, answering that question requires the Court to consider whether, and if so how much, the contractual provisions present in the parties' agreement should influence the Court's discretionary ruling on the motion.

In the circumstances of this case, however, the the Court does not consider it necessary (as the parties' arguments also suggest) to resolve the question whether, as part of a purely California contract to be interpreted under California law, that provision is an exclusive, or merely a permissive, choice of a California forum.[5] As part of a commercial contract between business entities, in the absence of fraud or overreaching or a showing that enforcement would be unreasonable or unjust

---

5. The Court does not agree with Plaintiff's argument or its lower court authority suggesting that such a determination is required in order to properly decide, much less necessarily controls, the Court's exercise of discretion in deciding whether a transfer should be ordered under authority of §1404(a) in the particular circumstances of this case.

6

(and none of those is suggested to be present here), the clause is valid. See <u>Preferred Capital, Inc. v. Associates in Urology</u>, 453 F.3d 718, 721 (6th Cir. 2006). The parties appear of roughly equivalent bargaining power, and it cannot be argued successfully that Plaintiff would effectively be denied its day in Court by transfer of the case to a federal district court in California. Whether exclusive or permissive, the clause therefore remains a significant statement of forum agreement, included by the parties in the contract in question. As such, it should be given appropriate consideration along with other "case-specific factors" as called for by the <u>Ricoh</u> and <u>Karobo</u> opinions, in reaching the Court's decision whether to order a §1404(a) transfer of this case.

Such other case-specific factors the Court is called upon to consider include convenience of parties and witnesses, public-interest factors of systemic integrity, and private concerns falling under the heading interest of justice. <u>Kerobo</u>, at 537 (quoting <u>Ricoh</u> at 30). As shown by the Complaint and the memoranda and supporting affidavits filed in connection with the present motion, this case involves alleged breech of the contract that arose from Ohio Plaintiff Exceptional's order for Defendant Kontron of San Diego County, California, to produce certain computer modules to be shipped to Exceptional in Westerville, Ohio, for integration into home entertainment and automation systems it designs and sells. Thus, in this contracts case, with a manufacturer/buyer (and its witnesses and relevant records) located in Ohio and a manufacturer/seller (and its witnesses and relevant records) located in

7

California, on the basis of what is before the Court on this motion to transfer proceedings from Ohio to California, with but one exception, none of the above, other case-specific factors indicates a particular ruling here.

The significant exception in the circumstances of this case (whether or not characterized as public interest in systemic integrity) is the clear choice-of-law provision in the parties' contract. In Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947), the Supreme Court, ruling as to an earlier, more restrictive standard for change of venue, never-the-less observed:

> . . . . There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

The potential significance of this factor in ruling on requests for transfer has been recognized by other district court decisions in our circuit

> Another relevant factor is the district court's familiarity with the applicable law. Here, it is undisputed that the option agreement is to be 'interpreted and enforced under the laws of the State of Ohio' (Exhibit B, p. 8, doc. 10), and it cannot be denied that there is an advantage in having a district court apply the law of the state in which it sits. See *Vector Company, Inc., [v. Urban Systems Development Corp., 360 F.Supp. 864, 865 (E.D. Tenn. 1972)]*

Artisan Devel. Div. of Kaiser Aetna v. Mountain States Devel. Corp., 402 F.Supp. 1312, 1316 (S.D. Ohio 1975). The Court finds that the presence here of this case-specific factor is sufficient to outweigh Plaintiff's initial choice of forum and to persuade the Court that the discretionary §1404(a) transfer sought by Defendant should be granted.

Consistent with the foregoing, it is therefore ORDERED that Defendant's Motion To Transfer Venue (Doc. 6) is GRANTED and that this proceeding is hereby TRANSFERRED to the United States District Court for the Southern District of California at San Diego.

The Clerk of this Court is authorized and directed to take all administrative step necessary to carry out this Order.

IT IS SO ORDERED.

10-11-2007
Dated

Edmund A. Sargus, Jr.
United States District Judge